UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELENE TONIQUE LAURENT MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>U.S. DEPARTMENT OF JUSTICE *et al.*, )<br>)<br>Defendants. ) | Civil Action No.  23-02349 (UNA) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a "Civil Complaint Against the U.S. Government/Defendants," ECF Nos. 1, 5 (amended complaint), and an application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss this action for want of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is wanting).

Sovereign immunity bars a suit against the United States except upon consent, which must be clear and unequivocal.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  A waiver of sovereign immunity "must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).  A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.

Plaintiff is a U.S. veteran who has sued the U.S. Department of Justice, Board of Veterans Appeals, and the National Guard Bureau. ECF No. 5 at 1.  In the one-page amended complaint, Plaintiff asserts, to the extent intelligible, her "right" to sue "as an 'American/Hawaiian [and]

Illinois Native Indian." *Id.* She states that Defendants "den[ied] [her] constitutional rights," but does not describe how they did so. *Id.* Plaintiff mentions the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, which provides a limited waiver of sovereign immunity for claims of money damages arising from

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §§ 1346(b)(1); *see id* § 2674; *id*. § 2680 (listing "Exceptions"); ECF No. 5 at 1.

Before filing a lawsuit under the FTCA, the claimant must exhaust her administrative remedies by presenting the claim to the appropriate federal agency and obtaining a final written denial of the claim. 28 U.S.C. § 2675(a). If an agency fails to render a decision within six months after the claim is submitted, the claimant may proceed to court "any time thereafter" on what is "deemed" to be "a final denial." *Id*. Nothing suggests that Plaintiff pursued, much less exhausted, her administrative remedies under the FTCA, and in this circuit, the FTCA's exhaustion requirement is "jurisdictional." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Norton v. United States*, 530 F. Supp. 3d 1, 6-7 (D.D.C. 2021) (collecting cases). In addition, federal courts "are without power to entertain claims otherwise within their jurisdiction if," as here, "they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (cleaned up). Consequently, this case will be dismissed by separate order.

Date: November 28, 2023

_____/s/_____
ANA C. REYES
United States District Judge